*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| LARRY GARDENHIRE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 17-1196 (FLW) (DEA) |
| | : | |
| v. | : | |
| | : | OPINION |
| PAUL J. FISHMAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**WOLFSON, United States District Judge:**

Presently before the Court is Detective Jeffrey Morley and Cranbury Township Police Department Chief of Police Richard Varga's Motion to Dismiss *pro se* Plaintiff Larry Gardenhire's ("Plaintiff") Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as former Acting Attorney General of the State of New Jersey John Jay Hoffman and Middlesex County Prosecutor Andrew C. Carey's Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, the Court grants both Motions and dismisses the Complaint in its entirety.

**I. BACKGROUND**[1]

On February 21, 2017, Plaintiff filed a form Complaint,[2] purporting to assert causes of action, pursuant to both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed.*

---

[1] The following facts are drawn from Plaintiff's Complaint, and are accepted as true for the purposes of analyzing the present Motions to Dismiss.
[2] While the Complaint itself contains no factual allegations, Plaintiff also attached exhibits to the Complaint, titled "Notice of Removal" and "Complaint and Emergency Petition for Protection," wherein Plaintiff sets forth allegations related to this case. *See* ECF Nos. 1-3, 1-4. For the sake

1

*Bureau of Narcotics*, 403 U.S. 388 (1971), against various state and federal law enforcement officials, including Detective Jeffrey Morley of the Cranbury Township Police Department ("CTPD"); CTPD Chief of Police Richard Varga, former Acting Attorney General of the State of New Jersey John Jay Hoffman, and Middlesex County Prosecutor Andrew C. Carey (collectively, the "Moving Defendants").[3]  Compl., 2-4.  In the form Complaint, Plaintiff checked boxes indicated that he is suing the Moving Defendants in both their individual and official capacities.  *Id.*

The allegations set forth in the Complaint are limited.  Plaintiff alleges that in April 2011, detectives of the SBPD "began harassing and stalking Plaintiff" within his community.  ECF No. 1-4, ¶ 1.  Plaintiff avers that Detective Morley and law enforcement officials from the Middlesex County Prosecutor's Office ("MCPO") joined the SBPD detectives in July 2012, and that, from 2011 to the present time, these law enforcement officials have engaged in "a bifurcated practice[] of . . . racial discrimination in the enforcement and provisions of the law against Plaintiff."  *Id.* at ¶¶ 1-2. Specifically, Plaintiff alleges that the law enforcement officials engaged in "a public conspiracy of defamation of Plaintiff as a criminal without due process of law," and "solicited, induced and encouraged . . . [Plaintiff's] South Asian neighbors['] participation in antagoniz[ing] [and] stalking" Plaintiff.  *Id.* at ¶ 2.  Plaintiff further alleges that the officials "manufactur[ed] false evidence against Plaintiff" and "conspired with Plaintiff['s] employer to racially discriminate against Plaintiff and terminate[] Plaintiff['s] employment in September of 2012

---

of the instant Motions, the Court will consider the entirety of the allegations set forth in Plaintiff's February 21, 2017 submission.

[3] The Complaint also named as defendants former United States Attorney for the District of New Jersey Paul J. Fishman, Assistant United States Attorney for the District of New Jersey Susan Handler–Menahem, South Brunswick Police Department ("SBPD") Chief of Police Raymond J. Hayducka, and Sergeant Frank Lombardo of the SBPD (collectively with the Moving Defendants, "Defendants").  Compl., 2-4.

after [Detective Morley] and other law enforcement agents staged [a] false investigation and police report against Plaintiff." *Id.*

In the Complaint, Plaintiff also alleges that, on September 18, 2013, he filed a complaint with the United States Department of Justice in Newark, New Jersey, setting forth the allegations detailed above. *Id.* at ¶ 1. Plaintiff avers that he received a letter response from Fishman and Handler–Menahem, which notified Plaintiff that the Department of Justice had declined to open an investigation into Plaintiff's allegations. ECF No. 1-3, ¶ 4.

Plaintiff further alleges that, on August 11, 2014, he sent notices to Prosecutor Carey and General Hoffman regarding the alleged misconduct committed by the law enforcement officials. *Id.* at ¶¶ 6-9. Specifically, Plaintiff alleges that the notices informed Prosecutor Carey and General Hoffman that their subordinates were "violating Plaintiff['s] constitutional rights through the enforcement of a policy or practice which resulted in discriminating against Plaintiff in the provision of the law during the complaint process." *Id.* at ¶ 7. The notices further informed Prosecutor Carey and General Hoffman that Plaintiff had filed a complaint with the Department of Justice, and that the "DOJ turned their back to Plaintiff['s] complaint and allowed the misconduct to continue." *Id.* at ¶ 8.

Next, Plaintiff alleges that Prosecutor Carey and General Hoffman engaged in the following conduct upon receipt of his notices:

> Carey and Hoffman under the color of State law and in their official capacities and the scope of their employment refrained from taking any affirmative action at all, knowing their subordinates [were] still violating Plaintiff['s] constitutional rights and by their affirmative omission to enforce the law they would be violating clearly established law of Plaintiff['s] federal protective rights of equal protection of the law, which, any reasonable official would understand what he is doing violates that right.

*Id.* at ¶ 10. Plaintiff also avers that Prosecutor Carey and General Hoffman's conduct was done "for the purpose of tacitly ratifying their subordinate['s] . . . unauthorize[d] adoption of a

3

bifurcated practice of . . . racial discriminat[ion] in the enforcement and provision of the law." *Id.* at ¶ 11. As a result of Prosecutor Carey and General Hoffman's alleged conduct, Plaintiff avers that he has been placed in a "position of danger," *id.* at ¶ 17, and "deprived . . . of equal protection of the law." *Id.* at ¶ 18.

In the form Complaint, Plaintiff did not indicate the type of relief that he is seeking in this action, leaving that portion of the form Complaint blank. However, in one of the attachments to the Complaint, Plaintiff requests an order "commissioning an independent federal investigation outside of the DOJ of Plaintiff['s] complaints," ECF No. 1-3, ¶ B, as well as a protective order preventing all Defendants from harassing and stalking Plaintiff and interfering with his employment. *Id.* at ¶ C.

## II.     PROCEDURAL HISTORY

On February 21, 2017, in addition to his Complaint, Plaintiff also filed an application to proceed without payment of fees or costs, pursuant to 28 U.S.C. § 1915, ECF No. 1-1, as well as an "Emergency Petition for Protection." ECF No. 1-4. Several days later, on March 2, 2017, Plaintiff submitted "amendments" to his Complaint, setting forth entirely novel and distinct claims and allegations against the existing Defendants, as well as naming new defendants. ECF No. 2. On March 9, 2017, Plaintiff filed an "exhibit" to the Complaint that purported to add his landlord, Windsor South Ridge, LLC, as a named defendant, ECF No. 3, as well as an amended application to proceed without the payment of fees or costs. ECF No. 4. However, on March 24, 2017, Plaintiff paid the filing fee and his Complaint was subsequently filed.

On April 4, 2017, this Court entered an Order denying Plaintiff's request for emergent relief, and striking Plaintiff's "amendments" (ECF No. 2) and "exhibit" (ECF No. 3). ECF No. 6. In the Order, the Court also directed Plaintiff that: (1) "[t]o the extent that the 'amendments'

4

are intended to be an amended complaint that replaces the original Complaint, Plaintiff must notify the Court in writing, within seven (7) days from the date of this Order"; and (2) "[i]n the alternative, to the extent that the 'amendments' and/or 'exhibit' are intended to supplement the original Complaint, the Court grants Plaintiff leave to file an amended complaint, within fourteen (14) days from the date of this Order." *Id.*

On May 5, 2017, Plaintiff submitted a letter response to this Court's April 5, 2017 Order, requesting additional time to file an amended complaint. ECF No. 7. This Court granted Plaintiff's request, and directed Plaintiff to file an amended complaint by July 7, 2017. ECF No. 8. To date, however, Plaintiff has not filed an amended complaint, and thus, here, the Court will focus solely on the allegations included in Plaintiff's Complaint.

On July 29, 2017, Detective Morley and Chief Varga moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. ECF No. 17. On August 24, 2017, General Hoffman and Prosecutor Carey also moved to dismiss Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim, respectively. ECF No. 26. Plaintiff filed his Opposition to General Hoffman and Prosecutor Carey's Motion on September 26, 2017. ECF No. 27. Plaintiff filed his Opposition to Detective Morley and Chief Varga's Motion on October 26, 2017.[4] ECF No. 29.

## III. <u>LEGAL STANDARD</u>

### A. **Federal Rule of Civil Procedure 12(b)(1)**

---

[4] While, as Detective Morley and Chief Varga have noted, *see* ECF No. 28, Defendant's Opposition to their Motion was filed after the original motion day, and thus, outside of the time permitted under Local Civil Rule 7.1(d), in light of Plaintiff's *pro se* status, the Court will nonetheless consider that Opposition.

"Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Eleventh Amendment immunity may be invoked through a 12(b)(1) motion as depriving the Court of subject matter jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 694, n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)).

B.  **Federal Rule of Civil Procedure 12(b)(6)**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must first separate the factual and legal elements of the claims, accepting the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences are drawn in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). To survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit requires a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Iqbal*. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court should "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id.*; *see also Iqbal*, 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). A proper complaint "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This last step of the plausibility analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In the case at bar, Plaintiff is proceeding *pro se*. "The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Courts are to construe complaints so 'as to do substantial justice,' FED. R. CIV. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[T]here are limits to [the courts'] . . . flexibility . . . . *[P]ro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV. DISCUSSION

### A. The Complaint Fails to Comply with the Pleading Requirements of Federal Rule of Civil Procedure 8

As a preliminary matter, the Court finds that the Complaint should be dismissed for failure to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," as required under Federal Rule of Civil Procedure 8(a)(2). FED. R. CIV. P. 8(a)(2). In that regard, although Plaintiff referenced several statutes, including "42 – USC 1866, 1985(2-3), 3631, 1986, [and] 2000a-3," in the "jurisdiction" section of the form Complaint, and checked the boxes indicating that he is asserting both a *Bivens* and a § 1983 claim, in the handwritten attachment to the Complaint, Plaintiff fails to indicate the specific claims he is asserting against each individual defendant. Indeed, the handwritten component of the Complaint is silent as to the type of claims that Plaintiff is asserting. Instead, Plaintiff vaguely asserts that Detective Morley and other unidentified law enforcement officers are harassing and stalking him, and that General Hoffman and Prosecutor Carey's failure to open an investigation into Plaintiff's complaints of police misconduct renders Hoffman and Carey complicit in the alleged wrongdoing. Based on those allegations, this Court is unable to determine which claims Plaintiff is asserting against the individual Defendants, or the specific relief that Plaintiff is seeking. In short, Plaintiff has failed to allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. For that reason alone, the Complaint must be dismissed, because such paucity of factual allegations is insufficient to put Defendants on "fair notice of what the . . . claim is and the grounds upon which it rests."[5]

---

[5] Although only Moving Defendants have moved to dismiss the Complaint, the Court's dismissal for failure to include a short and plain statement of Plaintiff's entitlement to relief is equally applicable to the non-moving Defendants, Fishman, Handler–Menahem, Hayducka, and Lombardo. *See Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007) ("The dismissal for lack of jurisdiction or for failure to include a short and plain statement of the jurisdictional grounds under Rule 8 was equally applicable to the moving and non-moving Defendants.");

*Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted); *see Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d 587, 603 (D.N.J. 2010) ("In order to give [d]efendant fair notice . . . a complaint must allege . . . those facts about the conduct of each defendant giving rise to liability.").

### B. Plaintiff's § 1983 Claims Against Moving Defendants

Although Plaintiff's failure to comply with Rule 8's pleading requirements, standing alone, is a sufficient basis for this Court to dismiss the Complaint in its entirety, because Moving Defendants have presented additional arguments as to the claims asserted against them specifically, the Court will also address these alternative bases for dismissal. Specifically, General Hoffman and Prosecutor Carey argue that the Complaint should be dismissed, because: (1) the allegations against them – that Hoffman and Carey failed to investigate Plaintiff's claims of police misconduct, and that this failure put Plaintiff in a position of danger – are insufficient to state a claim; (2) they are immune from Plaintiff's claims under the doctrines of Eleventh Amendment sovereign immunity, prosecutorial immunity, and qualified immunity; and (3) because they are not "persons" amenable to suit under § 1983. Detective Morley and Chief Varga also argue that Plaintiff's Complaint should be dismissed, because: (1) Plaintiff has not sufficiently pled a claim upon which relief can be granted; (2) Plaintiff's § 1983 claims are time barred; and (3) Plaintiff fails to allege personal involvement with respect to Chief Varga.

To begin, the Court must determine which constitutional right or rights Plaintiff accuses Moving Defendants of violating. As this Court's Rule 8 analysis makes clear, Plaintiff's

---

*Scheier v. Memphis Light, Gas & Water Div.*, No. 08-2164, 2009 WL 198126, at *6 (D.N.J. Jan. 23, 2009) (dismissing a complaint as to all defendants, despite the fact that only one defendant had moved for dismissal, where the complaint fell "short of providing adequate notice to all Defendants of which statutes and regulations they have violated and why," and thus, fell "short of the 'showing' required by Rule 8(a)(2).")

9

Complaint is of little assistance; in the form Complaint, Plaintiff, without elaboration, merely checked the boxes indicating that he is asserting both § 1983 claims and a *Bivens* action, and the handwritten portion of the Complaint levies vague factual allegations against some individual Defendants, without reference to the specific claims asserted. Because the Complaint is bereft of any other guidance as to the type of claims that Plaintiff is attempting to assert against Moving Defendants, the Court will analyze Plaintiff's claims within the ambit of § 1983.[6]

Section 1983 provides a cause of action for violations of constitutional rights by a person acting under color of state law. Specifically, § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906–07 (3d Cir. 1997). Thus, to state a claim for relief under § 1983, a plaintiff must allege "that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff has not expressly alleged that Moving Defendants' actions deprived him of a specific right guaranteed under the Constitution. However, construing the Complaint liberally and in the light most favorable to Plaintiff, the Court infers that Plaintiff has attempted to assert causes of action, pursuant to § 1983, for the following violations of his constitutional

---

[6] Because the Moving Defendants are all state officials, the Court need not engage in a *Bivens* analysis for the purposes of the instant Opinion.

rights: (1) a Fourteenth Amendment equal protection claim against Detective Morley and Chief Varga; and (2) a failure to investigate claim against Prosecutor Carey and General Hoffman. Accordingly, the Court will analyze Moving Defendants' Motions to Dismiss with respect to these claims.

### 1. *Eleventh Amendment Immunity*

"The United States Supreme Court has explained that 'a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction.'" *Bolick v. Sacavage*, 617 F. App'x 175, 177 (3d Cir. 2015) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007)). The Eleventh Amendment is jurisdictional in nature. *Bolick*, 617 F. App'x at 177. Because Moving Defendants' other bases for dismissal are non-jurisdictional grounds, the Court will therefore first address General Hoffman and Prosecutor Carey's Eleventh Amendment jurisdictional challenge.

The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. AMEND. XI. "Under the Eleventh Amendment, 'an unconsenting State is immune from suits brought in federal courts by [its] own citizens.'" *Hyatt v. Cty. of Passaic*, 340 F. App'x 833, 836 (3d Cir. 2009) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Eleventh Amendment immunity protects not only states, but also state agencies and state officials acting in their official capacities, "as long as the state is the real party in interest." *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989); *see Shahin v. Delaware*, 563 F. App'x 196, 198 (3d Cir. 2014) ("A suit against the States, their agencies, and their employees acting in an official capacity is also barred,

because it is merely another way of pleading an action against the state."); *Hyatt*, 340 F. App'x at 836 ("Eleventh Amendment immunity applies to state entities and officials if 'the state is the real, substantial party in interest.'") (citation omitted). "The party asserting Eleventh Amendment immunity 'bears the burden of proving its applicability.'" *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Christy v. Pennsylvania Tpk. Comm'n*, 54 F.3d 1140, 1144 (3d Cir. 1995)).

To determine whether a suit against a state official is actually a suit against the state itself, the Third Circuit has directed district courts to consider the following three factors: "(1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree of autonomy." *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (citing *Fitchik*, 873 F.2d at 659). Nonetheless, the right of state officials to invoke Eleventh Amendment immunity is not absolute. To that end, the Third Circuit has recognized three narrowly circumscribed exceptions that limit the breadth of Eleventh Amendment immunity: "1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *MCI Telecomm. Corp. v. Bell Atl. Pennsylvania,* 271 F.3d 491, 503 (3d Cir. 2001). And, significantly for the purposes of the instant case, Eleventh Amendment immunity does not apply to "suits for prospective injunctive relief against state officials," *Shahin*, 563 F. App'x at 198, and does not "bar suits against officials in their individual capacities, even if the actions that are the subject of the suit were part of the officials' governmental duties." *Munchinski v. Solomon*, 618 F. App'x 150, 156 (3d Cir. 2015).

From the pleadings, the Court cannot conclude that General Hoffman and Prosecutor Carey are entitled to Eleventh Amendment immunity from Plaintiff's § 1983 claims. As an

initial matter, the Court notes that Plaintiff has sued Prosecutor Carey and General Hoffman in both their *individual* and official capacities. Additionally, while the exact relief that Plaintiff is seeking is unclear, -- as a result of Plaintiff's failure to complete the "relief" portion of the form Complaint -- in Plaintiff's handwritten attachment to the Complaint, Plaintiff requests an order "commissioning an independent federal investigation outside of the DOJ of Plaintiff['s] complaints," ECF No. 1-3, ¶ B, as well as a protective order preventing all Defendants from harassing and stalking Plaintiff and interfering with his employment. *Id.* at ¶ C. Thus, because Prosecutor Carey and General Hoffman are being sued in their individual capacities, and because Plaintiff seeks prospective injunctive relief, the Court cannot conclude, from the record before it, that General Hoffman and Prosecutor Carey are entitled to Eleventh Amendment immunity at this time.[7] However, as set forth, *infra*, the Court will dismiss Plaintiff's claims against Moving Defendants as inadequately pled, and for failure to state a claim.

---

[7] However, to the extent that General Hoffman and Prosecutor Carey are being sued in their official capacities, and that Plaintiff is actually seeking money damages, Eleventh Amendment immunity would apply. Significantly, the only allegations against General Hoffman and Prosecutor Carey that the Court can discern from the Complaint are that Hoffman and Carey failed to investigate Plaintiff's complaints regarding police misconduct. With respect to Prosecutor Carey, the Third Circuit has observed that county prosecutors act as arms of the state when they perform "the classic law enforcement and investigative functions for which they are chiefly responsible," *Beightler v. Office of Essex Cty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009), and thus, to the extent that Prosecutor Carey is being sued for money damages in his official capacity for his alleged failure to investigate Plaintiff's complaints of police misconduct, Eleventh Amendment immunity applies. Similarly, it is well-settled that the state is the real party in interest where a § 1983 official capacity claim is asserted against the Attorney General, and thus, to the extent that General Hoffman is being sued in his official capacity for money damages, Eleventh Amendment immunity applies. *Jaye v. Attorney Gen. New Jersey*, 706 F. App'x 781, 783 (3d Cir. 2017) ("[T]he New Jersey Attorney General and Deputy Attorney General are immune from suit for money damages under the Eleventh Amendment."); *see Malcomb v. Beaver Cty. Penn. (Prothonotary)*, 616 F. App'x 44, 45 (3d Cir. 2015) ("The . . . Attorney General's Office [is] immune from [the plaintiff's] § 1983 claims under the Eleventh Amendment.).

### 2. *Plaintiff's Equal Protection Claim Against Detective Morley and Chief Varga*

Having found that a determination of Eleventh Amendment immunity cannot be made at this time, the Court turns to Plaintiff's claims. First, Plaintiff's allegations against Detective Morley and Chief Varga are grounded in the Equal Protection Clause of the Fourteenth Amendment, which provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV, § 1. The Equal Protection Clause "requires that similarly situated individuals be treated alike." *Mann v. Brenner*, 375 F. App'x 232, 238 (3d Cir. 2010); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must allege that he or she: (1) is a member of a protected class; and (2) "was treated differently from other people who are similarly situated." *Mendoza v. Meisel*, 270 F. App'x 105, 107 (3d Cir. 2008); *see Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002) ("In order to establish a prima facie case of discrimination under the Equal Protection Clause, appellants needed to prove that they were members of a protected class and that they received different treatment than that received by other similarly-situated individuals."). In *Mendoza*, for example, the Third Circuit held that the plaintiff's allegation that his motor vehicle convictions were the result of harassment and racial profiling was insufficient to state an equal protection claim, where the plaintiff failed to allege that he was treated differently from similarly situated individuals in an unprotected class. 270 F. App'x at 107. Similarly, here, while Plaintiff broadly alleges racial discrimination, he has not alleged that he was treated differently from similarly situated individuals who are not members of a protected class. Indeed, Plaintiff has failed to allege that he is a member of a protected class in the first instance. Accordingly, Plaintiff has failed to allege facts sufficient to state an equal protection

claim against Detective Morley and Chief Varga, and thus, Plaintiff's equal protection claims will be dismissed.[8]

### 3. Plaintiff's Failure to Investigate Claim Against General Hoffman and Prosecutor Carey

Second, Plaintiff's claims against General Hoffman and Prosecutor Carey are based solely on their failures to investigate or respond to Plaintiff's complaints regarding alleged police misconduct. However, it is well-settled within the Third Circuit "that 'an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'" *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (citation omitted); *Sanders v. Downs*, 420 F. App'x 175, 180 (3d Cir. 2011) ("[T]he District Court correctly reasoned that there is no constitutional right to the investigation or prosecution of another.");

---

[8] The Court notes that in Plaintiff's Opposition brief, Plaintiff argues, for the first time, that he is "still suffering . . . as a result of Defendants['] adoption of a[n] unconstitutional policy or practice, referred to as 'COPS' or 'Gang Stalking,' . . . which . . . refers to the intense, long-term, unconstitutional surveillance and harassment of a person who has been designated as a target by COPS, which, is a custom or practice of the [Department of Justice]." Pl.'s Opp. 1, ¶ 1. As a preliminary matter, however, "[a] plaintiff 'may not amend his complaint through arguments in his brief in opposition'" to a motion to dismiss. *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) (citation omitted). Moreover, even if Plaintiff had included the policy allegations in the Complaint, Plaintiff has not sufficiently alleged such a claim. In that regard, to hold a municipality liable for a constitutional deprivation under § 1983, the alleged violation must be the result of an official policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). And, to satisfy the pleading standard with respect to a *Monell* claim, a plaintiff must "identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "A policy may be made only when a policymaker issues an official proclamation or decision." *Hernandez v. Borough of Palisades Park Police Dep't*, 58 Fed. Appx. 909, 912 (3d Cir. 2003). Conversely, "[a] custom may exist where the relevant practice is so permanent and 'widespread as to have the force of law.'" *Hernandez*, 58 Fed. Appx. at 912 (quoting *Bryan Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). Here, Plaintiff has failed to allege a specific custom or policy that resulted in a deprivation of his constitutional rights. Rather, the Complaint simply alleges that Plaintiff's constitutional rights were violated "through the enforcement of a policy or practice which resulted in discriminating against Plaintiff in the provision of the law during the complaint process." ECF No. 1-3, ¶ 7. That mere assertion, without the requisite factual support, is insufficient to state a claim under Federal Rule of Civil Procedure 8.

*Aruanno v. Fishman*, 443 F. App'x 679, 680–81 (3d Cir. 2011) ("[B]ecause [the plaintiff] does not have a legally cognizable interest in compelling federal prosecutors to investigate or prosecute alleged violations of his rights, the complaint was properly dismissed for failure to state a claim upon which relief may be granted."). Here, outside of Plaintiff's equal protection claim, which the Court has already dismissed, Plaintiff has failed to identify any recognizable constitutional right in connection with his failure to investigate claim, and thus, that claim is dismissed for failure to state a claim upon which relief can be granted.[9] *See Sanders*, 420 F. App'x at 180 (dismissing the plaintiff's claim that "the police and prosecutors' failure to respond to his complaints violated his right to equal protection under the Fourteenth Amendment," where the plaintiff failed to adequately plead an equal protection claim, and did not allege any other constitutional violation).

In sum, even after liberally construing Plaintiff's Complaint as asserting claims under § 1983, the Court finds that Plaintiff has failed to sufficiently allege either an equal protection claim or a failure to investigate claim against Moving Defendants, and thus, those claims are dismissed.

## V. **CONCLUSION**

---

[9] Moreover, Plaintiff's claims against General Hoffman and Prosecutor Carey "necessarily fail because prosecutors enjoy absolute immunity for the failure to adequately investigate a case and for the decision to initiate, or decline to initiate, a prosecution." *Sanders*, 420 F. App'x at 180; *see also Hyatt*, 340 F. App'x at 837 ("Prosecutors have absolute immunity from suit under § 1983 when carrying out prosecutorial functions. As the decision to charge a suspect is one of the primary tasks of a prosecutor, [the defendant-prosecutors] have absolute immunity for charging and indicting [the plaintiff.].") (internal citation omitted). Similarly, because Plaintiff's claims against Attorneys Fishman and Handler–Menahem arise solely out of Fishman and Handler–Menahem's alleged failure to respond to Plaintiff's complaint of police misconduct, those claims would also fail under the doctrine of prosecutorial immunity.

16

For the foregoing reasons, Moving Defendants' Motions to Dismiss are granted, and Plaintiff's Complaint is dismissed with respect to all claims asserted against Moving Defendants. Additionally, the Court will *sua sponte* dismiss Plaintiff's Complaint as against all other Defendants, for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).

Dated: February 15, 2018                    /s/ Freda L. Wolfson
                                            Hon. Freda L. Wolfson
                                            United States District Judge